■ In the Matter of the Claim of MARIA S. TRACHTENBERG, Respondent, v. JOSEPH ROSENBLUM, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by the representative of an uninsured employer from a decision which held compensable the accidental injury sustained by a domestic worker as the result of a fall in her employer's home; appellant contending that claimant was not employed for a minimum of 48 hours within the purview of the statute requiring coverage for "Domestic workers, other than those employed on farms, employed by the same employer for a minimum of forty-eight hours per week in cities and villages having a population of forty thousand or more" (Workmen's Compensation Law, § 3, subd. 1, group 12). The board rested its decision upon the testimony adduced by claimant, which it termed "credible", thereby necessarily rejecting so much of the employer's proof as was at variance with it. Concededly, claimant called at the employer's home in response to the employer's advertisement in a newspaper for "Housekeeper for grownup couple * * * sleep in". Claimant testified that she was told by the employer that it was a "sleep-in job" and was shown the room in which she was to sleep; that she was employed on that understanding, for six days per week, commencing each day at 8:00 A.M. and continuing until she should finish in the evening, after dinner, at a wage of $50 per week; that she commenced work the next morning but did not bring her clothing and effects the first day because she wished first to see whether she would "like it or not"; that she came to work the next day, prepared to sleep in and bringing sleeping garments and other clothing in a shopping bag. Arriving, she found that her employer was about to be transported to a hospital by ambulance. After he, his wife and his daughter-in-law had departed, she fell, sustaining a fractured hip. Accepting, as we do, the board's factual findings, there remains in the case only the issue of statutory construction tendered by appellant, who asserts that in the statute above quoted the word "employed" in the clause "employed * * * for a minimum of forty-eight hours per week" is not to be equated with "hired" and that since claimant worked but one day and part of the next she was not employed for 48 hours. In context and in common sense, the language clearly refers to the contract of employment or hiring; the term "per week" imports the stint to be performed weekly, indicating, as it does, a measure or rate standard and not the quantum of past performance. Appellant's theory could logically render noncompensable an accidental injury sustained, as here, on the second day of a particular week, although that domestic may have worked in excess of 48 hours in each and every week for a year or more prior to the week in which the accident occurred. Appellant's theory is interdicted by the cases in which compensation has been allowed on account of accidental injuries sustained *prior* to the commencement of the contract of employment. (See, e.g.; *Matter of Bode* v. *O. & W. Rest.*, 9 A D 2d 969.) "To employ * * * when used in respect to a servant or hired laborer, is equivalent to hiring, which implies a request and a contract for a compensation". (*McCluskey* v. *Cromwell*, 11 N. Y. 593, 599.) Contrary to

appellant's assertion, "employ" and "hire" are often synonymous, as "to employ" is, by dictionary definition, to "engage the services of" or "to provide with a job that pays wages"; and "to hire" is to "employ for wages". (Webster's Third New International Dictionary [unabridged], EMPLOY; HIRE.) Appellant's construction of the statute is manifestly unsound. It follows that the award must be affirmed. We note, with concern, that this claim, involving a serious hip injury to a woman then 71 years of age, and interposed against an uninsured employer who has since died, arose more than three years ago; that the board decision was processed, with commendable promptness, more than two years ago; but that the appeal, upon a single and extremely short and uncomplicated record, in part typewritten and in part reproduced, and an appellant's brief of but 10 typewritten pages, has only now been brought on for argument. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.